UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. MJ-08-4113-2 |
| Plaintiff, | |
| v. | ORDER ON GOVERNMENT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S RELEASE AND APPOINTMENT OF COUNSEL AT PUBLIC EXPENSE |
| TERESA MORENO, | |
| Defendant. | |

The United States has filed a Motion For Reconsideration of the Court's order setting conditions of release for this Defendant and the Court's order appointing Kenneth Therrien as her CJA panel attorney. Mr. Therrien has filed a responsive brief and the issues are ripe for determination.

CONDITIONS OF RELEASE

At the Defendant's detention hearing on August 19, 2008, the Court considered the Pre-Trial Services Report and the Financial Affidavit sworn to under penalty of perjury by the Defendant. Additionally, the Court considered the Pre-Trial Services Report submitted on behalf of co-defendant Crisanto Guizar Garcia and his Financial Affidavit.

The Defendant and Mr. Garcia are a couple, having been together for 14 years and have 3 children in common. Both have family members within the District and the State of Washington.

ORDER ON GOVERNMENT'S MOTION FOR RECONSIDERATION - 1

1  The Defendant was employed, at the time of her arrest, at U.S.
2  Bank in Sunnyside, WA. She had been employed there for the past
3  six years. The Defendant was suspended from her job at the time of
4  her arrest because of the pending charges. She is a naturalized
5  United States citizen, as is Mr. Garcia.  Mr. Garcia works
6  sporadically in field work and, until his arrest, was often the
7  parent at home when the children returned from school.
8      Together, the Defendant and Mr. Garcia had a monthly income
9  of approximately $2800. The Court was made aware at a recent
10 hearing that both of them have now had farm labor type jobs
11 offered to them which they have accepted.
12     The United States complains that the Defendant and Mr. Garcia
13 have admitted to ownership of two residence properties and that
14 the value of those properties should disqualify Defendant from
15 appointed counsel. In fact, the Court ordered that the Prosser
16 property on Heck Road (having an assessed value of $56,280) be
17 pledged as security for the $50,000 property bond the Court
18 ordered for both parties' release. Thus, any equity in that real
19 property has been encumbered by the Court. The second property, on
20 Olmstead Road in Grandview, was purchased on a real estate
21 contract in December, 2006, for $312,100. The property has a
22 substantial balance owed and there appears to be little equity in
23 this property.
24     The Defendant and Mr. Garcia have certain amounts of personal
25 property, mainly vehicles, but some of those are encumbered with
26 loans. Additionally, the Court took into account that Mr. Garcia
27 retained private counsel and, since the couple are sharing a
28 residence and presumably expenses, that that expense was also a

ORDER ON GOVERNMENT'S MOTION FOR RECONSIDERATION - 2

liability in terms of whether Defendant would qualify for appointed counsel.

DETENTION

Notwithstanding that the United States invoked the rebuttable presumption for continued detention under 18 U.S.C. 3142(f)(1)C, the Court found the presumption had been overcome.

The Court is charged with fashioning a release order with the least restrictive conditions that will assure both the defendant's future appearance and the safety of any other person and the community. Neither Defendant has any significant criminal history. There was no inappropriate arrest behavior. U.S. Probation did not find any factors that would signal a risk of danger to the community. Other than family ties to Mexico, there were really no factors identified by U.S. Probation that would constitute a risk of flight by Defendant and given her longstanding ties to the community, her mother living here, her children being here and her employment being here, the Court found the release conditions to be appropriate as recommended by U.S. Probation.

**IT IS ORDERED:**

1. The United States' motions for reconsideration as to the release of the Defendant and the appointment of counsel at public expense are **denied. (Ct. Rec 50)**

DATED this 27th day of August, 2008.

                                         s/ James P. Hutton
                                         JAMES P. HUTTON
                               UNITED STATES MAGISTRATE JUDGE